UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CARL R. DYKES            )
                         )
    Petitioner,          )
                         )  Case No. 1:08-CV-110
v.                       )
                         )  Chief Judge Curtis L. Collier
WARDEN JIM MORROW        )
                         )
    Respondent.          )

## MEMORANDUM

Carl R. Dykes ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss and Petitioner filed a response. Having reviewed the record and applicable law, the Court will **GRANT** the motion to dismiss (Court File No. 8). The § 2254 petition is without merit, and it will be **DISMISSED**.

**I.    STANDARD OF REVIEW**

A state criminal defendant may obtain federal habeas relief if he can demonstrate he is in custody pursuant to the judgment of a state court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Proceedings in the United States Districts Courts, the Court is to determine, after a review of the response, the transcript, record of state court proceedings, and the expanded record, whether an evidentiary hearing is required. If a hearing is not required, the district judge may dispose of the case as justice dictates. After carefully reviewing the required materials, the Court finds it unnecessary to hold an evidentiary hearing.

Federal courts review decisions of the state courts pursuant to 28 U.S.C. § 2254(d), which

is a part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This statute generally limits a federal district court's jurisdiction to review habeas corpus claims adjudicated on the merits in the state courts. 28 U.S.C. § 2254(d). In particular, a court considering a habeas claim must defer to any decision by a state court concerning that claim unless the state court's judgment (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)&(2).

A state court decision is contrary to Supreme Court precedent if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *Early v. Packer*, 537 U.S. 3, 8 (2002)). "A state-court decision involves an unreasonable application of [the Supreme Court's] clearly established precedents if the state court applies [the Supreme Court's] precedent to the facts in an objectively unreasonable manner." *Brown*, 544 U.S. at 141 (citing *Williams*, 529 U.S. at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24–25 (2002)).

Lastly, a defendant must exhaust all available state remedies, including direct and collateral review, before seeking federal habeas relief. "An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). An exception to the exhaustion requirement exists only when "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* §

2

2254(b)(1)(B)(i)&(ii).

## II. PROCEDURAL BACKGROUND

Petitioner pleaded guilty on January 25, 1999, to two counts of vehicular homicide by intoxication (Addendum 2). After the judge heard evidence at a sentencing hearing on March 8, 1999, he sentenced Petitioner to eleven years imprisonment on each count, to be served consecutively for a total of 22 years (Addendum 3, at 131, 135).

Petitioner did not file a direct appeal of this sentence. Instead, he filed a pro se petition for state post-conviction relief in 2000. "Counsel was appointed, and an amended petition was filed alleging that the petitioner was deprived of his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to due process of law. The petitioner requested, alternatively, a new trial, reduction of sentence, reconsideration, or a delayed appeal." *State v. Dykes*, 2008 WL 109123, at *1 (Tenn. Crim. App. Jan. 10, 2008). After conducting a hearing and taking evidence, the post-conviction court denied the petition. *Id.* at *1–4. Still represented by counsel, Petitioner appealed the denial of his petition to the Tennessee Court of Criminal Appeals, which upheld the post-conviction court. *Id.* at *9. The Tennessee Supreme Court denied permission to appeal.

Petitioner, acting pro se, filed this federal habeas petition on May 9, 2008.

## III. FACTUAL BACKGROUND

The facts underlying the convictions at issue in this case are taken from the opinion of the Tennessee Court of Criminal Appeals in Petitioner's appeal of the denial of his petition for post-

3

Case 1:08-cv-00110-CLC-SKL   Document 13   Filed 03/26/09   Page 3 of 12   PageID #: 967

conviction relief:

> In 1999, the petitioner pled guilty to two counts of vehicular homicide and was sentenced to eleven years on each count, to be served consecutively. Counsel for the State summarized the State's proof at the guilty plea hearing:
>
>> [I]f this matter came to trial the State would show that on the 4th day of October, 1997, Richard and Amanda Crook had been visiting the Chattanooga area. At approximately 8:30 a.m. Central Daylight Time, they were traveling north bound on US. Highway 41, but just as they crossed-they were driving a motorcycle. Mr. Crook was the operator of the motorcycle. Mrs. Crook was a passenger on the motorcycle. Just as they entered into Marion County on Highway 41, they were coming up a hill and as they topped the hill they encountered a pickup truck being driven by the [petitioner]. The proof would show that by gouge marks and other physical evidence that the impact took place in the north bound lane of Highway 41 several feet from the yellow line. The impact of the pickup truck basically killed Mr. Crook and Mrs. Crook instantly. [The petitioner's] truck proceeded for just a short period of time and ran into a fence.
>
> The State offered further proof that the victims' blood tested negative for the presence of alcohol, and the petitioner's blood tested positive for the presence of amphetamine and methamphetamine. The State was prepared to introduce testimony that the level of methamphetamine found in the petitioner's blood was toxic and would have impaired his ability to operate a motor vehicle.

*Dykes*, 2008 WL 109123, at *1 (brackets in original).

## IV. DISCUSSION

Petitioner states two grounds for relief. First, he argues he was denied effective assistance of counsel at his guilty plea hearing and sentencing hearing. Second, he argues that as a result of counsel's ineffectiveness, his guilty plea was rendered involuntary and unknowing, in violation of his Due Process rights. For the following reasons, the Court will reject both of Petitioner's claims.

### A. Ineffective Assistance of Counsel

Petitioner states a litany of grounds for his ineffective assistance of counsel claim. He stated

4

the same grounds in his petition for post-conviction relief, which was denied by the Circuit Court for Marion County; the denial was upheld by the Tennessee Court of Criminal Appeals. Respondent argues Petitioner has failed to exhaust his state remedies and thus is not entitled to federal habeas relief.

A claim may be fairly presented to the state court without citing chapter and verse of the Constitution. *Picard v. Connor*, 404 U.S. 270 (1971). However, a claim sought to be vindicated in a federal habeas proceeding must have first been raised in state court so the state courts have the first opportunity to hear the claim. The factual allegations made in federal court must be the same factual
allegations made in state court. *Id.* at 276. The substance of a federal habeas claim must first be presented to the state courts. *Id.*

A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. *See Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *Rose v. Lundy,* 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. *Preiser v. Rodriguez*, 411 U.S. 475, 477, 489–90 (1973).

To exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. *Picard*, 404 U.S. at 275–76; *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) (citing *Picard*, 404 U.S. at 271). "'[T]he substance of a federal habeas corpus claim

5

must first be presented to the state courts.'" *Gray*, 518 U.S. at 163 (quoting *Picard*, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." *Gray*, 518 U.S. at 163. Instead, the petitioner must show he "fairly presented" every claim in the federal petition to each level of the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845–48 (1999).

"It is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Gray*, 518 U.S. at 163. When a petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies. *See O'Sullivan*, 526 U.S. at 844–45 (holding that exhaustion requirement mandates presentation of all claims to state court through discretionary review process). A petitioner has not exhausted his state remedies if he has merely presented a particular legal theory to the courts, without presenting each factual claim. *Pillette v. Foltz*, 824 F.2d 494, 497–98 (6th Cir. 1987). The claims must be presented to the state courts as matters of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). *Cf. Gray*, 518 U.S. at 163.

Moreover, the state court must address the merits of those claims. *Coleman v. Thompson*, 501 U.S. 722, 734–35 (1991). If the state court decides those claims on an adequate and independent state ground, such as a procedural rule prohibiting the state court from reaching the

merits of the constitutional claim, the petitioner is barred by this procedural default from seeking federal habeas review, unless he can show cause and prejudice for that default. *See Wainwright v. Sykes*, 433 U.S. 72, 87–88 (1977).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state courts from addressing the claims, then those claims are deemed exhausted, but procedurally barred. *Coleman*, 501 U.S. at 752–53; *Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *Wainwright*, 433 U.S. at 87–88; *Rust,* 17 F.3d at 160. A petitioner confronted with procedural default must show cause and prejudice for the default in order to obtain federal review of his claim. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Teague*, 489 U.S. at 297–99; *Wainwright*, 433 U.S. at 87–88. Cause for a procedural default depends on some "objective factor external to the defense" that interfered with the petitioner's efforts to comply with the procedural rule. *Coleman*, 501 U.S. at 752–53; *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

Here, when it addressed Petitioner's grounds for ineffective assistance of counsel in ruling on his appeal, the Tennessee Court of Criminal Appeals pointed to a procedural rule governing the content of briefs. In that court, "[i]ssues which are not supported by argument, citation to

7

authorities, or appropriate references to the record will be treated as waived." Tenn. Ct. Crim. App. R. 10(b). In its written opinion, the Court of Criminal Appeals found Petitioner's ineffective assistance claims waived because he "fail[ed] to support them with argument or appropriate citations to the record." *Dykes*, 2008 WL 109123, at *7. Petitioner's brief on appeal did "not explain which witnesses trial counsel failed to prepare and did not offer the favorable testimony of any such witness at the post-conviction hearing." *Id.* "Nor [did] he explain how counsel's investigation or advice was inadequate, or why the evidence against him and the State's notice of intent to seek Range II punishment should have been challenged." *Id.* Because a "bare laundry list of allegations, without supporting proof, cannot establish ineffective assistance on the basis of cumulative error," *id.* at *8, the Court of Criminal Appeals found Petitioner was not entitled to relief because he did not follow that court's procedural rule requiring him to adequately support his claims by argument and reference to authorities and the record.

Having examined the brief Petitioner submitted to the Court of Criminal Appeals as part of its review of the record, this Court concludes the Tennessee Court of Criminal Appeals was correct in applying Rule 10(b) as the basis to deny Petitioner's claims.[1] The brief contains a lengthy recitation of facts which Petitioner contends amount to unconstitutional errors by trial counsel. Yet the argument section of the brief—where one would expect Petitioner to demonstrate how those facts prove ineffective assistance of counsel based on citations to the record and authority—is cursory, at best. After citing a great deal of law regarding the constitutional standard for ineffective

---

[1] The Court is careful to note it does not have appellate jurisdiction over the Tennessee Court of Criminal Appeals on Petitioner's federal habeas claim. Rather, for purposes of determining whether Petitioner procedurally defaulted his ineffective assistance claim by not following the Tennessee procedural rule, the Court finds the Court of Criminal Appeals' analysis persuasive.

assistance of counsel, Plaintiff's application of the law is limited to stating the following:

> In the case at hand, defendant has met both prongs and should be granted relief. Trial counsel failed to adequately prepare, interview and call witnesses told to him by his client. Further trial counsel failed to adequately investigate and advise his client prior to the entry of the plea. Trial Counsel filed no motions to suppress evidence or challenge the Range II notice prior to trial.

(Addendum 7, at 25). This paragraph draws sweeping conclusions without pointing to law or facts in support. It offers no factually similar cases to which the court could make comparisons. And it fails to demonstrate how the outcome of Petitioner's case would have changed if his trial counsel had acted differently. *See Strickland v. Washington*, 466 U.S. 668, 691–93 (1984) (holding a client claiming ineffective assistance must show counsel's performance, in addition to being objectively deficient, prejudiced him such that the outcome of the proceeding would have been different).

Petitioner, then, procedurally defaulted his ineffective assistance claims at the state level by failing to follow the procedural rule requiring his brief be adequately supported by argument and appropriate citations. This procedural default precludes this Court from considering the merits of Petitioner's federal habeas claim, unless Petitioner can show cause and prejudice for the default. *Wainwright*, 433 U.S. at 87–88. But here, Petitioner has not shown, or even alleged, any circumstances which acted as an external factor making it impossible for him to have complied with Rule 10(b). *Coleman*, 501 U.S. at 752–53. In fact, Petitioner was represented by another attorney in preparing his brief for his post-conviction appeal, making the existence of such a factor even less likely. For the same reason, the Court cannot find that a fundamental miscarriage of justice would occur by not considering the claim on this procedural ground.

The Court has reviewed Petitioner's grounds for his ineffective assistance claim in his federal habeas petition and finds that all of them, in some form, were presented in Petitioner's brief to the

9

Tennessee Criminal Court of Appeals. That court deemed those grounds waived because they did not comply with that court's procedural rule governing briefs. Accordingly, the adequate and independent state ground of Petitioner's procedural error bars him from seeking habeas relief on his ineffective assistance of counsel claim.

      **B.**      **Knowing and Voluntary Guilty Plea**

Petitioner next contends counsel's errors rendered his guilty plea involuntary and unknowing, in violation of his Due Process rights secured by the Constitution. Respondent does not specifically respond to this claim, arguing instead that Petitioner has filed to show the state court decisions were contrary to or involved an unreasonable application of clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d).

In the Court's view, Petitioner did not raise the involuntariness of his guilty plea as a ground for state post-conviction relief. His brief to the Tennessee Court of Criminal Appeals does reference the examination of his trial counsel at the post-conviction hearing, and argues trial counsel did not adequately discuss the guilty plea with Petitioner because he entered the plea on the morning of trial (Addendum 7, at 5). However, the brief never formally raises Petitioner's guilty plea as an issue on appeal of denial of post-conviction relief. Nor does the brief point to specific factual issues which would support Petitioner's claim his plea was involuntary and unknowing.

In his federal habeas claim, Petitioner relies on several alleged errors committed by trial counsel, which "creat[ed] an overwhelming sense of helplessness for petitioner's case" (Court File No. 3, at 8). Yet these were exactly the same issues the Tennessee Court of Criminal Appeals declined to hear because they were unsupported by specific factual allegations or argument.

Petitioner's federal habeas petition suffers from the same defect. In sweeping fashion, it asserts trial counsel failed to prepare any meaningful defense to the charges against Petitioner, and that trial counsel did not inform Petitioner he could appeal sentencing after his guilty plea (*id.* at 9). However, it contains no facts which support these assertions. This is insufficient to meet the exhaustion requirement, because "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Gray*, 518 U.S. at 163.

The Court concludes Petitioner's claim his guilty plea was involuntary and unknowing was not fairly presented to the state courts. Accordingly, the Court will dismiss this claim based on Petitioner's failure to exhaust his state remedies.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Respondent's motion to dismiss and will **DISMISS** Petitioner's § 2254 petition.

An Order will enter.

/s/ _____

---

[2] The Court notes that even if it were to evaluate this claim on the merits, Petitioner would have a difficult time succeeding. When Petitioner entered his guilty plea on the day he was scheduled to go to trial, the court engaged in a lengthy colloquy with him. The judge asked Petitioner, who was under oath, whether he voluntarily gave up his constitutional rights as they were described; Petitioner said yes (Addendum 2, at 10). The judge asked whether Petitioner was satisfied with the way he had been represented; Petitioner said yes (*id.* at 14). And the judge asked whether anyone had forced Petitioner to enter the plea against his will. Petitioner denied anyone had (*id.* at 15). If Petitioner believed trial counsel was incompetent and unprepared to try his case, his remedy was not to plead guilty. Rather, his remedy was to inform the court during his plea colloquy that counsel was not prepared to proceed to trial as he wished and that his plea was based on his belief he had no viable option but to plead guilty.

11

**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**

12